UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD KRYSZAK

      Plaintiff,

v.

NORFOLK SOUTHERN
CORPORATION and
TRADITIONAL LOGISTICS
& CARTAGE, LLC,

      Defendants.

---

1:17-CV-00530 JLS (MJR)

DECISION AND ORDER

## INTRODUCTION

This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) by the Honorable John L. Sinatra, Jr. for all pretrial matters. (Dkt. Nos. 29) Before the Court is defendant Traditional Logistics & Cartage, LLC's motion to set aside an entry of default. (Dkt. No. 21) For the following reasons, defendant's motion is granted.

## JURISDICTION

Section 636 of Title 28 of the United States Code provides that magistrate judges may be designated "to hear any pretrial matters pending before the court", with the exception of certain motions, specifically listed in the statute, that involve requests for dispositive relief. See 28 U.S.C. § 636(b)(1). While motions to set aside an entry of default are not listed among the types of relief in Section 636(b) that are expressly dispositive, a number of courts, including many district courts within the Second Circuit, have treated them as non-dispositive. See *DeLee v. Russo*, 17-CV-00448, 2019 WL

3945657, *4, n. 1 (WDNY Aug. 21, 2019) (noting that defendant's motion to vacate the entry of default is non-dispositive); *Unger v. Sogluizzo*, 673 Fed. Appx. 250 (3d Cir. 2016) ("The record shows that [the magistrate judge] ruled on [defendant's] motion to vacate entry of default, which was not a dispositive motion because it did not seek to dispose of claims without further proceedings."); *Sheet Metal, Air, Rail and Transportation Workers Local Union No. 137 v. Frank Torrone & Sons, Inc.*, 15-CV-2224, 2018 WL 4771897 (EDNY Oct. 3, 2018) ("Although the Second Circuit has not definitively ruled on the issue, the weight of authority indicates that vacatur of a default is not dispositive."); *Burns v. Dailey*, 12-CV-0229, 2012 WL 6201831, at *2 n.1 (NDNY Dec. 12, 2012) ("[A] motion to vacate default judgment is non-dispositive in nature.") Thus, pursuant to Section 636(b)(1)(A) and in accordance with recent precedent, the Court grants defendant's motion to vacate default in the form of a decision and order.

## PROCEDURAL HISTORY

On January 27, 2017, plaintiff Donald Kryszak filed a complaint in Erie County Supreme Court against Norfolk Southern Corporation ("Norfolk"). (Dkt. No. 1; Exh. B) The complaint alleges that plaintiff was injured while working as a security officer in a railroad yard owned by Norfolk, when a negligently maintained door failed to properly open. (*Id.*) Norfolk removed the case to the Western District of New York on June 13, 2017 based on diversity jurisdiction. (Dkt. No. 1) Between June of 2017 and early 2019, the parties engaged in a number of mediation sessions, which were unsuccessful. Some discovery was also exchanged. During this time, plaintiff learned that Norfolk had contracted with Traditional Logistics & Cartage, LLC ("Traditional Logistics") to maintain the railroad yard located at 500 Bison Parkway, including the security building where

plaintiff was injured. On January 9, 2019, plaintiff moved to amend the complaint to add Traditional Logistics as a defendant. (Dkt. No. 9) The Court granted plaintiff's motion to amend on February 20, 2019 and plaintiff filed an amended complaint that same day. (Dkt. Nos. 11 and 12) The amended complaint alleges that both Norfolk and Traditional Logistics had a duty to maintain the premises of 500 Bison Parkway, including the security building, in a safe manner and that their failure to do so resulted in plaintiff's injuries. (Dkt. No. 12) Norfolk filed an answer to the amended complaint on March 26, 2019. (Dkt. No. 14) The answer included a cross-claim against Traditional Logistics for indemnity and contribution. (Id.)

Plaintiff served Traditional Logistics with the summons and complaint on March 8, 2019 and an answer was due on March 29, 2019. (Dkt. No. 31) Traditional Logistics never filed an answer or otherwise moved against the complaint. On June 3, 2019, plaintiff requested entry of default against Traditional Logistics based on their failure to answer. (Dkt. No. 18) The Clerk of the Court entered default against Traditional Logistics on June 4, 2019. (Dkt. No. 19) Plaintiff moved for default judgment against Traditional Logistics on July 3, 2019. (Dkt. No. 20) That same day, Traditional Logistics moved to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. (Dkt. No. 21) Plaintiff filed a response in opposition to Traditional Logistics' motion to set aside the entry of default on July 23, 2019. (Dkt. No. 23)[1] Traditional Logistics filed a reply on August 7, 2019 (Dkt. No. 27), and the Court heard

---

[1] Also on July 23, 2019, co-defendant Norfolk filed a response indicating that it does not oppose Traditional Logistics' motion to set aside the entry of default. (Dkt. No. 24) Norfolk maintains, however, that should default judgment be entered against Traditional Logistics, a hearing as to damages would be premature since plaintiff is claiming joint and several liability against defendants, and Norfolk has not had an opportunity to present its defenses on damages or pursue a cross-claim against Traditional Logistics. (Dkt. No. 24) See Lawrence v. Vaman Trading Co., Inc., 92 Civ. 0377, 1993 WL 190266 (SDNY 1993) (acknowledging that an assessment of damages against defaulting party in a case involving joint and several liability would be premature prior to a trial involving non-defaulting parties).

3

oral argument in the matter on February 26, 2020. At the conclusion of the oral argument, the Court instructed counsel for Traditional Logistics to submit an affidavit explaining why defendant failed to submit a timely answer to the amended complaint.

Counsel filed the affidavit of Michael Ford, the Senior Vice President of Traditional Logistics, on March 6, 2020. (Dkt. No. 31) Ford explains that immediately after receiving the summons and complaint on March 8, 2019, Traditional Logistics forwarded the complaint to its insurance broker for a determination as to whether the claim was covered by either the company's workers' compensation policy or general liability policy. (*Id.*) Ford indicates that it took several weeks for the insurance broker to determine that plaintiff was not an employee of Traditional Logistics and that the general liability policy applied to the defense of this action. (*Id.*) Also around this time, Traditional Logistics contacted an attorney to provide legal representation. (*Id.*) It was later determined that counsel had a conflict of interest, and new counsel had to be obtained. (Id.) Ford states that current counsel was not retained until July 2019, at which time Traditional Logistics was already in default. (*Id.*) Immediately after receiving the file, counsel promptly made the instant motion on July 3, 2019. (*Id.*)

## DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." See Fed. R. Civ. P. 55(a). Courts may vacate an entry of default for "good cause shown." See Fed. R. Civ. P. 55(c). The Second Circuit instructs that in determining whether to vacate an entry of default, courts must consider: "(1) whether the default was

willful; (2) whether setting aside the default judgment would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). To that end, courts are to consider whether the failure to file an answer or otherwise defend against the complaint was "a mistake made in good faith and whether the default would bring about a harsh or unfair result." *Id.* at 96. "Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981). Although the factors to be considered are the same, the standard for deciding whether to vacate an entry of default is less rigorous than the standard to be applied in determining whether to vacate a default judgment. *American Alliance Insurance Co v. Eagle Insurance Co.*, 92 F.3d 57, 59 (2d Cir. 1996). The Court now considers each of the three factors in turn.

### Willfulness

In determining the willfulness of a default, the Second Circuit has made clear that carelessness or negligence are insufficient to constitute willfulness. *American Alliance Insurance Co.*, 92 F.3d at 61. Instead, the "Second Circuit looks for bad faith or for at least something more than mere negligence before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Jones v. Herbert*, 02-CV-0847, 2004 U.S. Dist. LEXIS 30167 (WDNY Oct. 27, 2004).

Here, Michael Ford, the Senior Vice President of Traditional Logistics, submits that the delay in answering the complaint occurred because the company's insurance broker took several weeks to determine the appropriate insurance coverage and because the first attorney retained by Traditional Logistics was later discovered to have

a conflict of interest. Thus, when current defense counsel received the summons and complaint, Traditional Logistics had already defaulted. While the delay is attributable to Traditional Logistics' failure to expeditiously determine insurance coverage and retain conflict-free counsel, it cannot be described as willful or intentional. *See e.g., Tesillo v. Emergency Physician Assoc.*, 230 F.R.D. 287, 289 (WDNY 2005) (no willfulness found where attorney for defendant "inadvertently and innocently forgot" to file an answer and there was no indication that the failure was deliberate, the result of bad faith, or intended to cause undue delay or harm); *Jones*, 2004 US Dist. LEXIS 30167, *7-8 (failure by both attorney and client to file timely answer for three months due to lack of information and lack of adequate thoroughness was "grossly negligent" and "very irresponsible" but was not willful, deliberate or evidence of bad faith); *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1078 (2d Cir. 1995) (holding that defendant had not willfully defaulted where he had failed to file an answer because he had been mistaken as to the appropriate timing for filing the answer and because he had received the incorrect docket number from the clerk's office). Based upon Ford's affidavit and the foregoing case law, the Court finds that Traditional Logistics' failure to timely answer the complaint was not willful.

### Prejudice

The second factor the Court must consider in deciding whether to vacate an entry of default is whether the non-defaulting party will suffer any prejudice. *Enron Oil Corp.*, 10 F.3d at 96. A decision to vacate an entry of default which merely causes delay will not constitute prejudice. *Id.* at 98. Instead, "[f]or the delay in filing the answer to prejudice [the non-defaulting party], the delay must result in the loss of evidence,

create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Jones*, 2004 U.S. Dist. LEXIS 30167, *10-11.

Here, there is no evidence that the delay caused prejudice in the form of lost evidence or discovery difficulties. During oral argument, counsel indicated that plaintiff and Norfolk have already exchanged a substantial amount of discovery. Thus, plaintiff has had an opportunity to conduct discovery before evidence of the accident was lost or rendered stale, and before witnesses became unavailable. Plaintiff asserts that the delay has caused prejudice because he is 75 years old and the case was commenced in January of 2017. However, Traditional Logistics was not sued until the filing of the amended complaint in February of 2019. Thus, the only delay in the matter caused by Traditional Logistics was the three-month period that elapsed between when the answer was due and when Traditional Logistics moved to set aside the entry of default. Indeed, the record reflects that counsel for Traditional Logistics acted expeditiously after being retained and moved to set aside the entry of default one month after it was entered. *Compare Arista Records, Inc. v. Musemeci*, 03 CV 4465, 2007 U.S. Dist. LEXIS 81630 (EDNY Sept. 18, 2007) (denial of motion to vacate default judgment where defendant did not move to vacate until almost three years after judgment was entered against him). Here, plaintiff has not demonstrated that Traditional Logistics created an unreasonable delay, nor has he shown that setting aside the entry of default would result in the loss of evidence or create other difficulties in discovery.[2] For these

---

[2] The Court notes that during oral argument, counsel for Norfolk indicated that they have tendered defense of this matter to Traditional Logistics and that counsel for both defendants are working to reach an agreement on this issue. Counsel for Norfolk also indicated that if Traditional Logistics is removed from the case, Norfolk will act to bring Traditional Logistics back into the lawsuit as a third-party defendant. Because of the relationship between defendants and Norfolk's anticipated defenses, this case is unlikely to proceed to resolution without the involvement of Traditional Logistics. Thus, the Court also finds that it makes little practical sense to grant the entry of default.

reasons, the Court concludes that setting aside the entry of default would not result in prejudice to plaintiff.

*Meritorious Defense*

To satisfy the criteria of a "meritorious defense," the defendant need not establish his defense conclusively, but must present evidence of facts that, if proven at trial, would constitute a complete defense. *See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004); *Am. Alliance Ins. Co.*, 92 F.3d at 61 (holding that to satisfy the "meritorious defense" prong, the defense need not be ultimately persuasive at this stage, but merely needs to present good law so as to give the factfinder some determination to make).

Here, the complaint alleges that plaintiff was injured, in the course of his employment, when a negligently maintained door failed to properly open. Based on the representations made by counsel in the papers and during oral argument, Norfolk owned the railroad yard where plaintiff was injured and contracted with Traditional Logistics to maintain the property. It appears that plaintiff was employed by a separate security company and not either defendant. Traditional Logistics submits that there are issues of fact as to whether it had a duty to maintain the door and, if there was a duty, whether it acted negligently in maintaining the door. Traditional Logistics may also argue that it did not have notice of the defective condition. *Ward v. Ramkalawan*, CV 11-4295, 2013 U.S. Dist. LEXIS 40439 (EDNY Feb. 11, 2013) (defendants presented evidence of a meritorious defense based on the lack of existence of a dangerous condition and the lack of notice of a dangerous condition). Indeed, these are questions of fact to be resolved by a fact-finder. Therefore, Traditional Logistics has raised

reasons, the Court concludes that setting aside the entry of default would not result in prejudice to plaintiff.

*Meritorious Defense*

To satisfy the criteria of a "meritorious defense," the defendant need not establish his defense conclusively, but must present evidence of facts that, if proven at trial, would constitute a complete defense. *See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004); *Am. Alliance Ins. Co.*, 92 F.3d at 61 (holding that to satisfy the "meritorious defense" prong, the defense need not be ultimately persuasive at this stage, but merely needs to present good law so as to give the factfinder some determination to make).

Here, the complaint alleges that plaintiff was injured, in the course of his employment, when a negligently maintained door failed to properly open. Based on the representations made by counsel in the papers and during oral argument, Norfolk owned the railroad yard where plaintiff was injured and contracted with Traditional Logistics to maintain the property. It appears that plaintiff was employed by a separate security company and not either defendant. Traditional Logistics submits that there are issues of fact as to whether it had a duty to maintain the door and, if there was a duty, whether it acted negligently in maintaining the door. Traditional Logistics may also argue that it did not have notice of the defective condition. *Ward v. Ramkalawan*, CV 11-4295, 2013 U.S. Dist. LEXIS 40439 (EDNY Feb. 11, 2013) (defendants presented evidence of a meritorious defense based on the lack of existence of a dangerous condition and the lack of notice of a dangerous condition). Indeed, these are questions of fact to be resolved by a fact-finder. Therefore, Traditional Logistics has raised

reasons, the Court concludes that setting aside the entry of default would not result in prejudice to plaintiff.

*Meritorious Defense*

To satisfy the criteria of a "meritorious defense," the defendant need not establish his defense conclusively, but must present evidence of facts that, if proven at trial, would constitute a complete defense. *See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004); *Am. Alliance Ins. Co.*, 92 F.3d at 61 (holding that to satisfy the "meritorious defense" prong, the defense need not be ultimately persuasive at this stage, but merely needs to present good law so as to give the factfinder some determination to make).

Here, the complaint alleges that plaintiff was injured, in the course of his employment, when a negligently maintained door failed to properly open. Based on the representations made by counsel in the papers and during oral argument, Norfolk owned the railroad yard where plaintiff was injured and contracted with Traditional Logistics to maintain the property. It appears that plaintiff was employed by a separate security company and not either defendant. Traditional Logistics submits that there are issues of fact as to whether it had a duty to maintain the door and, if there was a duty, whether it acted negligently in maintaining the door. Traditional Logistics may also argue that it did not have notice of the defective condition. *Ward v. Ramkalawan*, CV 11-4295, 2013 U.S. Dist. LEXIS 40439 (EDNY Feb. 11, 2013) (defendants presented evidence of a meritorious defense based on the lack of existence of a dangerous condition and the lack of notice of a dangerous condition). Indeed, these are questions of fact to be resolved by a fact-finder. Therefore, Traditional Logistics has raised

meritorious defenses which are sufficient to weigh in favor of setting aside the entry of default.

## CONCLUSION

For the foregoing reasons, defendant Traditional Logistics & Cartage LLC's motion to set aside entry of default (Dkt. No. 21) is granted. Traditional Logistics & Cartage LLC is instructed to file an answer to the amended complaint as well as an answer to Norfolk Southern Corporation's cross-claim on or before April 10, 2020.

**SO ORDERED.**

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

Dated: March 25, 2020